UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------
SULEYMA V.,

Plaintiff, **DECISION AND ORDER**
7:25-CV-09642-GRJ

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
---------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In May of 2022, Plaintiff Suleyma V.[1] applied for Disability Insurance Benefits and Supplemental Security Income Benefits under the Social Security Act. The Commissioner of Social Security denied the applications. Plaintiff, represented by Ny Disability, LLC, Daniel Beger, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on August 27, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 19). For the following reasons, Plaintiff's motion is due to be granted, and this matter is remanded for further administrative proceedings.

## I. BACKGROUND

### *A. Administrative Proceedings*

Plaintiff applied for benefits on May 19, 2022, alleging disability beginning April 1, 2022. (T at 15, 137-38).[2] Plaintiff's applications were denied initially and on reconsideration. She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on February 20, 2024, before ALJ Mark Solomon. (T at 40-68). Plaintiff appeared with an attorney and testified. (T at 48-68). A second hearing was held on September 10, 2024, before the same ALJ. (T at 69 –100). Plaintiff appeared with an attorney and offered additional testimony. (T at 85-93). The ALJ also received testimony from Dr. Steven Winters, a medical expert (T at 76-84), and Christina Boardman, a vocational expert. (T at 93-98).

### *B. ALJ's Decision*

On November 5, 2024, the ALJ issued a decision denying the applications for benefits. (T at 12-39). The ALJ found that Plaintiff would

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

meet the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured) and had not engaged in substantial gainful activity since April 1, 2022 (the alleged onset date). (T at 17).

The ALJ concluded that Plaintiff's lumbar degenerative disc disease (status-post fusion); left foot drop; obesity; and migraines were severe impairments as defined under the Act. (T at 17).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 21).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she can sit for six hours, up to two hours at one time, over the course of an 8-hour workday; stand/walk a total of two hours and twenty minutes at a time; lift/carry ten pounds occasionally and five pounds frequently; never climb ropes/ladders or scaffolds, but occasionally climb ramps and stairs; and occasionally stoop, kneel, crouch, and crawl. (T at 22).

The ALJ further found that Plaintiff needed to avoid working at unprotected heights or with hazardous machinery, would require the use of a handheld assistive device (but would have one hand free to carry small objects), would be off task up to 10% of the workday, and would miss no more than 1 day per month. (T at 22).

The ALJ concluded that Plaintiff could not perform her past relevant work as a houseworker. (T at 28).

However, considering Plaintiff's age (38 on the alleged onset date), education (limited), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 31).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between April 1, 2022 (the alleged onset date) and November 5, 2024 (the date of his decision). (T at 32).

On September 22, 2025, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

*C. Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on November 19, 2025. (Docket No. 1). On May 20,2026, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket Nso. 19, 20). The Commissioner interposed a brief in opposition to the motion and requesting judgment on the pleadings, on August 3, 2026. (Docket No. 22). On August 18, 2026, Plaintiff submitted a reply memorandum of law in further support of her motion. (Docket No. 23).

## II. APPLICABLE LAW

*A. Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

*B. Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last

for a continuous period of not less than 12 months ....” 42 U.S.C. § 423(d)(1)(A).

A claimant’s eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a “severe impairment” which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a “severe impairment,” the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not “listed” in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision. First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed. Second, she contends that the ALJ failed to consider her inability to use public transportation. The Court will address each argument in turn.

### *A. Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated updated regulations regarding the consideration of medical opinion

evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the revised regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more

relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

Here, the record contains multiple medical opinions regarding Plaintiff's physical and mental functioning. The Court will consider the opinions, and the ALJ's analysis, in each domain in turn.

*1. Physical Functioning*

Dr. Susan Dantoni performed a consultative examination in August of 2022. She diagnosed chronic, severe back pain. (T at 874). Dr. Dantoni opined that Plaintiff had moderate to marked limitation in her ability to stand, walk, climb stairs, kneel, bend, lift, and carry. (T at 874). She assessed no impairment with respect to sitting, reaching, handling objects, hearing, seeing, or speaking. (T at 874).

Dr. Joseph Lombardi, an orthopedic surgeon, completed a spinal impairment questionnaire in March of 2023. Dr. Lombardi reported that he had been treating Plaintiff since May of 2022 and diagnosed lumbar stenosis with radiculopathy. (T at 1285). He described Plaintiff's pain as

sharp, radiating, constant, and aggravated by standing and walking. (T at 1285).

Dr. Lombardi opined that Plaintiff could sit for 3 hours and stand/walk for 1 hour in an 8-hour workday. (T at 1287). He believed Plaintiff could occasionally lift 10-20 pounds and carry 20-50 pounds. (T at 1288). He opined that Plaintiff could not use public transportation and required the use of a single point cane when standing or walking. (T at 1288). Dr. Lombardi believed that Plaintiff's experience of pain, fatigue, and other symptoms would frequently interfere with her attention and concentration and that she would be absent from work due to her impairments or treatment more than 3 times per month. (T at 1289-90).

Dr. Susan Revan performed a consultative examination in March of 2024. She diagnosed low back pain, neck pain, and hearing loss, but opined that Plaintiff had no physical limitations. (T at 3876). A short time later, however, Dr. Revan completed a medical source statement in which she found that Plaintiff could occasionally lift/carry up to 50 pounds; sit, stand, and walk for 2 hours in an 8-hour workday; needed a cane to ambulate; could occasionally climb stairs, ramps, ladders, or scaffolds; occasionally stoop, kneel, crouch, and crawl; and could not work around unprotected heights or operate a motor vehicle. (T at 3880-81, 3883-84).

Two non-examining State Agency review physicians provided assessments of Plaintiff's physical functioning.

In December of 2022, Dr. M. Perrotti opined that Plaintiff could occasionally lift/carry 10 pounds; frequently lift/carry less than 10 pounds; stand and/or walk for a total 4 hours and sit for more than 6 hours in an 8-hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps/stairs, stoop, kneel, crawl; frequently balance; and needed to avoid all workplace hazards. (T at 112-18, 130-36).

In June of 2023, Dr. J. Rosenthal opined that Plaintiff could occasionally lift/carry 10 pounds; frequently lift/carry less than 10 pounds; stand and/or walk for a total 2 hours and sit for more than 6 hours in an 8-hour workday; never climb ladders, ropes or scaffolds; occasionally climb ramps/stairs, stoop, kneel, crawl; frequently balance; and must avoid all exposure to hazards. (T at 143-47, 152-56).

Dr. Steven Winters testified at the second administrative hearing as an impartial orthopedics expert. He noted a diagnosis of lumbar degenerative joint and disc disease with stenosis, as well as obesity. (T at 76-77). He believed Plaintiff's use of a cane was medically necessary. (T at 78-79).

Dr. Winters opined that Plaintiff could sit for 2 hours at a time and 6 hours during an 8-hour workday; stand/walk for 2 hours per day; occasionally lift/carry 20 pounds; occasionally climb stairs but never ladders or scaffolds; occasionally kneel, crouch, crawl, and balance; needed to avoid unprotected heights; and was limited to occasional use of machinery. (T at 78-79). He believed Plaintiff would be off task up to 10% of the workday and was likely to be absent from work once a month. (T at 80).

As noted above, the ALJ concluded that Plaintiff retained the RFC to meet the physical demands of a reduced range of sedentary work. (T at 22). In reaching this conclusion, the ALJ found the opinions of Dr. Winters and the State Agency review physicians persuasive, considered Dr. Lombardi's assessment unpersuasive, and determined that the opinions of Dr. Dantoni and Dr. Revan were partially persuasive. (T at 28-30).

For the following reasons the Court finds this aspect of the ALJ's decision supported by substantial evidence.

First, the ALJ's assessment of Plaintiff's physical functioning is supported by the opinion of Dr. Winters, who reviewed the record, testified during the second administrative hearing, and was subject to cross-examination. *See Diaz v. Shalala,* 59 F.3d 307, 313 n.5 (2d Cir.

1995)(noting that "opinions of nonexamining sources [may] override treating sources' opinions provided they are supported by evidence in the record")(citing *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993)); *see also Botta v. Colvin*, 669 F. App'x 583, 584 (2d Cir. 2016); *Marc W. v. Comm'r of Soc*. Sec., No. 1:20-CV-1121 (WBC), 2021 WL 2435651, at *6 (W.D.N.Y. June 15, 2021)(collecting cases).

Second, the RFC determination is consistent with the findings of the State Agency review consultants. See *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

Third, the ALJ relied on a reasonable reading of the record, including a thorough review of the imaging studies and treatment notes, which generally included findings of normal strength, lack of motor weakness, and typical gait. (T at 654, 683, 810, 835, 878-74, 891, 900, 908, 943, 1036, 1041, 1050, 1058, 1064, 1078, 1535, 1845, 2678, 2687-2688, 3041, 3155, 3211, 3243, 3257, 3279). *See generally Sanders v. Comm'r of Soc. Sec*.,

No. 20-cv-2229 (ALC), 2021 U.S. Dist. LEXIS 174598, at *50 (S.D.N.Y. Sep. 14, 2021)(affirming ALJ's decision to discount treating physician's assessment of disabling arthritis symptoms based on, *inter alia*, treatment notes showing normal motor strength, no tenderness, no significant neurological deficits or muscle weakness).

Fourth, the ALJ gave appropriate consideration to Plaintiff's activities of daily living, which included self-care, online shopping, managing her finances, and household chores. (T at 54, 872, 872, 1029, 3873).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539-AT-JLC, 2020 WL 2212404, at *17 (S.D.N.Y. May 7, 2020)(citation omitted).

In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhart*, No. 03 CIV. 9359DLC, 2004 WL 1933614, at *6 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010) (affirming ALJ's determination in light of "substantial evidence … showing

that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence")

Lastly, the ALJ provided sufficient reasons for discounting the more restrictive opinions. The ALJ noted that Dr. Dantoni's examination occurred shortly after Plaintiff had lumbar fusion surgery and did not account for subsequent improvement in her functioning. (T at 28). The ALJ found the more restrictive aspects of Dr. Revan and Dr. Lombardi's opinions inconsistent with the treatment notes, imaging studies, and Plaintiff's activities of daily living. (T at 28-30).

Plaintiff points to contrary evidence in the record and argues that the more restrictive assessments should have been given more persuasive power.

When the record contains competing medical opinions, however, it is the role of the Commissioner, and not this Court, to resolve such conflicts. *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").

The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and

consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Moreover, the ALJ did not disregard the evidence of impairment, but limited Plaintiff to a reduced range of sedentary work. This aspect of the ALJ's decision must be sustained under the deferential standard of review applicable here. *See Zacharopoulos v. Saul*, 516 F. Supp. 3d 211, 229 (E.D.N.Y. 2021)(collecting cases holding that a medical opinion describing moderate limitations for prolonged walking, sitting, and standing supports an RFC for a range of work at the sedentary level).

*2. Mental Functioning*

Dr. Arlene Rupp-Goolnick performed a consultative psychiatric evaluation in October of 2022. She diagnosed unspecified depressive disorder and adjustment disorder. (T at 1030). Dr. Rupp-Goolnick assessed no limitation in Plaintiff's ability to understand, remember, or apply simple directions and instructions and found mild impairment in Plaintiff's ability to understand, remember, or apply complex directions and instructions; mild limitation with respect to social interaction; mild impairment as to sustaining concentration and pace, maintaining an ordinary routine and regular attendance, and regulating emotions, controlling behavior, and maintaining well-being. (T at 1030).

In February of 2024, Reagan Anusionwu, a psychiatric nurse practitioner, completed a medical source statement. He had been treating Plaintiff since 2022 and diagnosed major depressive disorder and generalized anxiety disorder. (T at 4154). NP Anusionwu believed Plaintiff would be absent from work more than 3 times per month due to her impairments or treatment. (T at 4155). He assessed mild to moderate impairment in Plaintiff's ability to understand, remember, and carry out instructions; moderate loss in her ability to travel in unfamiliar places and use public transportation; marked restriction in Plaintiff's activities of daily living; and marked difficulties in maintaining social functioning. (T at 4156-57).

NP Anusionwu believed Plaintiff would often experience deficiencies of concentration, persistence, or pace and would have repeated episodes of deterioration or decompensation in work or work-like settings. (T at 4157).

Two State Agency review consultants, Dr. P. Fernandez and Dr. J. Penny, opined that Plaintiff did not have any severe psychiatric impairments. (T at 109-110, 127-28, 141-42, 150-51).

The ALJ determined that Plaintiff had no more than mild impairment in her ability to meet the mental demands of basic work activity. (T at 18-

20). In reaching this conclusion, the ALJ found the opinion of Dr. Rupp-Goolnick persuasive and considered the assessment from NP Anusionwu unpersuasive. (T at 18-20).

This aspect of the ALJ's decision is likewise supported by substantial evidence.

First, the ALJ's assessment of no more than mild mental impairment is consistent with the findings of Dr. Rupp-Goolnick and the State Agency review consultants.

Second, the ALJ relied on a reasonable reading of the record, which documented complaints of anxiety and depression, but with generally unremarkable mental status findings. (T at 458, 1815, 3625, 3644, 4091, 4098, 4105, 4120, 4123, 4140).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances,

adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Third, the ALJ gave appropriate consideration to Plaintiff's activities of daily living. While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of extreme impairment where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See, e.g., Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

The Court finds the ALJ's assessment of Plaintiff's ability to meet the mental demands of basic work activity supported by substantial evidence. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had

greater limitations than those the ALJ built into her RFC. But that is not the test."); *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude* otherwise.")(emphasis in original) (citation and internal quotation marks omitted).

*B. Use of Public Transportation*

"To be able to work, a person must be able to get to work." *Rivera v. Kijakazi*, No. 22-CV-6976 (RWL), 2023 WL 6035665, at *12 (S.D.N.Y. Sept. 15, 2023).

As such, courts in this Circuit have consistently "found error when an ALJ fails to adequately consider the extent to which a claimant can even get to work, particularly when there is evidence that the claimant cannot independently take public transportation." *Id.* (collecting cases); *see also Garcia v. Kijakazi*, No. 21CV1895ERRWL, 2022 WL 3442314, at *13 (S.D.N.Y. Aug. 11, 2022), *report and recommendation adopted sub nom. Garcia v. Comm'r of Soc. Sec.*, No. 21CIV1895ERRWL, 2022 WL 3903182 (S.D.N.Y. Aug. 30, 2022); *Rivera v. Sullivan*, 771 F. Supp. 1339, 1356 (S.D.N.Y. 1991).

Here, there is significant evidence of impairment in Plaintiff's ability to use public transportation. Plaintiff testified that she cannot use public transportation. (T at 55). Dr. Lombardi opined that Plaintiff could not use public transportation. (T at 1288). Dr. Dantoni believed Plaintiff had moderate to marked limitation in her ability to climb stairs. (T at 874). NP Anusionwu assessed moderate loss in Plaintiff's ability to travel in unfamiliar places and use public transportation. (T at 4156-57). Dr. Revan opined that Plaintiff could not operate a motor vehicle. (T at 3883-84). Dr. Winters believed Plaintiff's use of a cane was medically necessary but was not asked about her ability to use public transportation. (T at 78-79).

The ALJ acknowledged Plaintiff's testimony that she did not use public transportation and referenced the limitation identified by NP Anusionwu (T at 20, 23) but did not discuss this aspect of Dr. Lombardi's opinion or otherwise address the evidence regarding an inability to use public transportation.

This was error.

The Commissioner defends the ALJ by noting that his conclusion that neither of the treating providers' opinions were persuasive was supported by substantial evidence.

Notably, however, the Commissioner's arguments are necessarily *post hoc* because the ALJ failed to provide any analysis of the evidence regarding Plaintiff's ability to use public transportation. *See Newbury v. Astrue*, 321 F. Appx 16, 18 (2d Cir. 2009) ("A reviewing court 'may not accept appellate counsel's post hoc rationalizations for agency action.'")(quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)); *see also Rosa v. Comm'r of Soc. Sec.,* No. 17 Civ. 3344, 2018 U.S. Dist. LEXIS 137494, at *44 (S.D.N.Y. Aug. 13, 2018)("Post hoc justifications raised by the Commissioner in her memorandum of law do not cure defects in the ALJ's decision ….").

Although a court may sometimes overlook the lack of a robust explanation if it is possible to "glean the rationale of the ALJ's decision," *Cichocki v. Astrue*, 534 Fed. Appx. 71, 76 (2d Cir. 2013), this should be done sparingly and only where the "the record contains robust support for the finding that [the claimant} is not disabled" and it is clear the ALJ considered all the relevant evidence. *Barrere v. Saul*, 857 F. Appx. 22, 24 (2d Cir. 2021).

That is not the case here. A remand is required for proper consideration of the evidence regarding Plaintiff's ability to use public transportation. *See Alicea v. Astrue*, No. 07 CIV.2676 LBS, 2008 WL

2139151, at *2 (S.D.N.Y. May 19, 2008)("The ALJ's decision does not address the issue of public transportation at all, and thus we cannot conclude whether or on what grounds she discredited the plaintiff's testimony… We think that the case must be remanded for the ALJ to consider plaintiff's claim that she cannot use public transportation and thus is incapable of finding and holding a job."); *Amanda P. v. Comm'r of Soc. Sec.*, No. 24-CV-01275-MJR, 2026 WL 1398667, at *3 (W.D.N.Y. May 19, 2026)

*C. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)). Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS 180514, at *28 (S.D.N.Y. Nov. 6, 2014).

A remand is required for the reasons stated above.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 19) is GRANTED and this case is REMANDED for further administrative proceedings consistent with this Decision and Order. The Clerk is directed to enter final judgment in favor of the Plaintiff and then close the file.

Dated: October 12, 2026

s/ Gary R. Jones
GARY R. JONES
United States Magistrate Judge